IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-2788-KLM

BILL WISSER

      Plaintiff,

v.

MUSICSUBMIT, LLC, a Colorado corporation

      Defendant(s).

**MOTION TO DIMISS CLAIM AGAINST DEFENDANT PURSUANT TO RULES 41(b), 12(b)(5) and 12(b)(6)**

**I. INTRODUCTION**

**COME NOW** Defendant MusicSubmit,[1] which moves to dismiss Plaintiff's sole claim for relief against it, *see Compl.* [#1], for the following three reasons: (1) failure to prosecute or comply with a court order pursuant to Fed. R. Civ. P. 41(b); (2) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); and (3) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's counsel, was administratively removed from the Court's attorney roll and is therefore barred from filing electronically with the Court, has failed to comply with the Court's

---

[1] In the sole interest of transparency, Defendant states that at the time of this filing this motion, the law firm representing MusicSubmit, Werge Law LLC, employed as a law clerk one Travis Miller, who previously worked as a judicial intern for the presiding Magistrate Judge Kristen L. Mix. Mr. Miller is currently an active law student. During his tenure with Werge Law, Mr. Miller has not been associated in any official capacity with Judge Mix.

- 1 -

order to pay the necessary fees and file notice of Entry of Appearance in this case. *See Minute Order on Nov. 11, 2019* [#9] [hereafter "Court Order"]. Under Fed. R. Civ. P. 41(b), this is grounds for involuntary dismissal of the claim by the Court. Furthermore, this initial flaw with the complaint necessarily makes the service thereof insufficient, and dismissal is warranted under Fed. R. Civ. P. 12(b)(5). Finally, the alleged infringement at the heart of the Plaintiff's Complaint occurred in 2015, which is beyond the three-year statute of limitations provided under the Copyright Act ("Act"), 17 U.S.C § 101 et seq. Accordingly, Plaintiff has not stated a claim upon which relief may be granted, and therefore the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. BACKGROUND

**A.     The Photograph**

MusicSubmit is a Colorado corporation first incorporated in Florida in 2005.[2] It is a small company owned and operated by one individual who provides marketing services to up and coming bands in local music scenes. At all times relevant to this suit, Defendant operated a humble website with the domain name www.musicsubmit.com.

On May 13, 2015, MusicSubmit posted a short article under the "blog" section of its website with the title "MusicSUBMIT LLC turns TEN YEARS" (the "Blog Post"). In the modest Blog Post, MusicSubmit included a photograph of the "Welcome to Miami" sign (the "Photograph") allegedly taken by and registered to Plaintiff. *See Compl.* [#1] ¶¶ 7-9. From its initial publishing on May 13, 2015 until the filing the Complaint on Sept. 29, 2019, the Blog Post at issue was not updated or republished and was otherwise allowed to pass into the archives of

---

[2] MusicSubmit LLC reincorporated in the State of Colorado on April 10, 2017.

- 2 -

internet history. Out of an abundance of caution, MusicSubmit revisited the Blog Post and unlinked and removed the photo from website upon receipt of Plaintiff's Complaint.

**B.     The Court Order**

On November 1, 2019, an Advisory Notice was issued to Plaintiff's Attorney and the Court stating that under D.C.COLO.LAttyR 3(a), Richard Liebowitz ("Liebowitz"), counsel for Plaintiff, "was administratively removed from the court's attorney roll and barred from filing electronically under CM/ECF for failing to pay the 2018 Biennial Fee." *Court Order* [#9]. The minute order instructed counsel to complete a Bar/ECF application and pay the full amount due to be restored to the attorney roll and CM/ECF. *Id.* The order concludes by stating that "[U]pon reinstatement, counsel must file a Notice of Entry of Appearance in this case." *Id.*

As of the date of this is filing, Mr. Liebowitz has failed to comply with the Court Order and has not filed a Notice of Entry of Appearance in this case.

### III. STANDARD OF REVIEW

**A.     Rule 41(b)**

A district court may dismiss a case for failure to comply with [local rules], the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1; *see also* Fed. R. Civ. P. 41(b). However, "dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme cases, and is only appropriate where a lesser sanction would not serve the ends of the justice." *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (internal quotation marks omitted). Before choosing dismissal as a sanction, a court must consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal

of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992).

**B.     Rule 12(b)(5)**

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants. *See Bernard v. Husky Truck Stop, No. 93–2241–JWL, 1994 WL 171732*, at *1 (D.Kan. Apr.20, 1994), *aff'd*, 45 F.3d 439 (10th Cir. 1995). The parties may submit affidavits and other documentary evidence for the Court's consideration, and the plaintiff is entitled to the benefit of any factual doubt. *See id.*

**C.     Rule 12(b)(6)**

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff [has] not nudged [his] claims across the line from conceivable to plausible*."  Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden."  *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Id.* (citation omitted).  As the Tenth Circuit Court of Appeals has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).

## IV. ARGUMENT

**A. The Complaint Was Invalid at the Time of Filing Because Plaintiff's Counsel was Not in Good Standing with Court and Therefore Plaintiff has Failed to Both Prosecute the Claim and Sufficiently Effectuate Service.**

Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, the Local Rules of Civ. P. for the District of Colorado states that "[a] judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice." D.C.COLO.LCivR 41.1.

The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, a court generally does not need to follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *see Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Here, Plaintiff's counsel was administratively removed from the Court's attorney roll for failure to comply with local rules—namely the requirement that he pay biennial fees for access to the CM/ECF. *See Court Order* [#9]; D.C.COLO.LAttyR 3. As a result of this failure, Plaintiff's counsel is not in good standing with the Court and is barred from filing any documents electronically. Accordingly, the operating complaint for this suit, which was submitted electronically by Plaintiff's counsel, was improperly entered and should be disregarded.

This fatal flaw with the Complaint warrants dismissal under both Rule 41(b) and Rule 12(b)(5). Without a complaint, there is no claim to prosecute by Plaintiff, and dismissal of the action is warranted under Rule 41(b). Moreover, Plaintiff's counsel's failure to comply with the Court Order—namely to pay his fees and file Notice of Entry of Appearance—is additional grounds for dismissing the claim under Rule 41(b).

Alternatively, because Plaintiff's counsel was suspended at the time the Complaint was filed, the signature on the complaint was not valid and therefore service was improper. *See* Fed. R. Civ. P. 12(b)(5). Fed. R. Civ. P. 4(a)(1)(C) requires that a summons "state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff." Here, the counsel listed, Mr. Liebowitz, was administratively barred from representing Plaintiff before this Court. Accordingly, service was insufficient, and, in turn, Plaintiff is unable to demonstrate that this Court has personal jurisdiction over Defendant and the claim should be dismissed.

**B.     The Photograph at Issue Was Published by Defendant in 2015 and Therefore the Alleged Infringement of Plaintiff's Copyright Falls Outside the Three-year Statute of Limitations.**

The Copyright Act provides copyright protection of original works of authorship. *See* 17 U.S.C. § 101 et seq. The Act provides various protections for the author, including his exclusive

right to reproduce copies of the work, distribute copies of the work, and to display the work publicly. *See* § 106(1)-(5). Plaintiff claims MusicSubmit infringed on all three of these exclusive rights.

Congress, however, expressly placed a limitations period on bringing civil claims for copyright infringement. The Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." § 507(b). Given that over four years have passed since Defendant allegedly infringed on Plaintiff's copyright, this statute of limitations is controlling here and the claim should be dismissed pursuant to Rule 12(b)(6).

When considering whether the Act's limitations period applies, courts must first determine when a copyright infringement claim accrues. According to the Supreme Court, such a claim ordinarily accrues "when [a] plaintiff has a complete and present cause of action." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted). The 10th circuit adheres to the "discovery rule" which states that "a claim for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Diversey v. Schmidley*, 738 F.3d 1196, 1200 (10th Cir. 2013) (citation omitted). The 10th circuit has expressly rejected the "continuing wrong" exception and has rejected "the notion that a plaintiff can recover for acts of infringement occurring more than three years before the filing of a complaint merely because some related act of infringement occurs within the limitation period." *Id*. at 1200.

The 2nd Circuit also adheres to the "discovery rule" and the Southern District of New York has recently published an on-point decision that mirrors the present circumstances where the court granted defendant's motion to dismiss plaintiff's copyright infringement claims for photographs published before the three-year statute of limitations on the website "www.buzzfeed.com". The court articulated that the "discovery rule" stands for the proposition that "an infringement claim does not accrue until the copyright holder 'discovers, or with due diligence should have discovered, the infringement.'" *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F.Supp 3d 461, 467 (S.D.N.Y. 2019) (citation omitted). The court in *Minden Pictures* concluded that "a reasonable copyright holder . . . that is, a seasoned litigator that his filed 36 lawsuits to protect its copyrights . . . should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Id.* With regard to determining whether an infringement claim has accrued, "[c]ourts may consider the relative sophistication of the parties in a copyright suit." *Id.* "The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence they <u>should have</u> known of their injury." *Id.* (original emphasis, citation omitted).

Here, based upon a brief search of available federal court records, Plaintiff Bill Wisser has filed nineteen (19) copyright infringement actions in federal courts. Likewise, Plaintiff's counsel has filed one-hundred-forty-one (141) copyright infringement actions in federal courts. The relative sophistication of the parties is outlandishly disproportionate. MusicSubmit is a small operation that is owned and operated by one individual and publishes a modest online blog, whereas Plaintiff has routinely and compulsively filed multiple suits with regard to his copyrights. Common sense and a perusal of publicly available court documents indicating Plaintiff's

familiarity with copyright litigation would dictate that a reasonably diligent copyright owner in Plaintiff's position would have been able to put on inquiry as the existence of one photograph buried in the four-year history of an online blog sufficient to bring a timely infringement claim. This long-forgotten Blog Post containing the photograph was not readily visible on the front page of MusicSubmit's website and was buried in four years of post history, which indicates that Plaintiff, much like other experienced copyright litigants, utilized software services that scoured the Internet for copies of the photographers' works. Such services have been available as early as 2002, and such a compulsory search easily could have easily been performed by Plaintiff prior to the expiration of the three-year statute of limitations.

Furthermore, MusicSubmit did not engage in any volitional act of infringement within the three years proceeding Plaintiff filing his Complaint, barring Plaintiff from recovery. The only action taken regarding the photograph was its publication in 2015 announcing MusicSubmit's ten-year anniversary. Likewise, Plaintiff cannot recover for "acts of infringement occurring more than three years before the filing of a complaint merely because some related act of infringement occurs within the limitation period." Diversey, 738 F.3d at 1200. Here there were no related acts of infringement as MusicSubmit's brief and fleeting Blog Post celebrating the company's ten-year anniversary was not republished, updated, or reposted.

Plaintiff's failure to timely file suit given: (1) his likely general knowledge of alleged infringements of the photo on the internet based upon his level of sophistication, (2) that he should have been aware of the photos existence prior to the statute of limitations running, and (3) Plaintiff's failure to utilize widely used technology to timely find such alleged infringements all

support the same conclusion: MusicSubmit should not be the target of a federal copyright claim related to one long-forgotten image attached to a Blog Post published over four years ago.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted and Plaintiff's sole claim for relief should be dismissed.

Dated: November 21, 2019                             Respectfully Submitted,


*/s/ Daniel J. Williams*
Thomas E.M. Werge
Daniel J. Williams
*Attorneys for Defendant MusicSubmit, LLC*

- 11 -

# CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2019, I served a true and correct copy of the foregoing **MOTION TO DIMISS CLAIM AGAINST DEFENDANT PURSUANT TO RULES 41(b), 12(b)(5) and 12(b)(6)** via U.S. Mail on the following:

Bill Wiser
565 NW 44th Street
Miami, FL 33127
Plaintiff

/*s/ Peggy P. Quines*_____
Peggy P. Quines, Paralegal