# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-2788-KLM

BILL WISSER

      Plaintiff,

v.

MUSICSUBMIT, LLC, a Colorado corporation

      Defendant(s).

---

## MOTION TO DIMISS AMENDED COMPLAINT PURSUANT TO RULES 12(b)(4), 12(b)(5), and 12(b)(6)

---

## I.  INTRODUCTION

**COME NOW** Defendant MusicSubmit,[1] which moves to dismiss Plaintiff's sole claim for relief against it, *see Am. Compl.* [#15], for the following two reasons: (1) insufficient process pursuant to Fed. R. Civ. P. 12(b)(4); and (2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's counsel was administratively removed from the Court's attorney roll when he electronically filed the initial Complaint [#1], *see Minute Order on Nov. 22, 2019* [#12] [hereafter

---

[1] In the sole interest of transparency, Defendant states that at the time of this filing this motion, the law firm representing MusicSubmit, Werge Law LLC, employed as a law clerk one Travis Miller, who previously worked as a judicial intern for the presiding Magistrate Judge Kristen L. Mix. Mr. Miller is currently an active law student. During his tenure with Werge Law, Mr. Miller has not been associated in any official capacity with Judge Mix.

"Court Order"], and therefore both the process and service of process were insufficient. While Plaintiff's counsel has since complied with the Court Order and unilaterally entered a notice of appearance before the Court, this initial flaw with the complaint and the subsequent insufficiency of process and service of process have not been addressed, and dismissal is warranted under either Fed. R. Civ. P. 12(b)(4) or 12(b)(5).

Jurisdictional issues aside, the alleged copyright infringement at the heart of the Plaintiff's Amended Complaint occurred in 2015, and it is therefore time-barred under the three-year statute of limitations provided under the Copyright Act ("Act"), 17 U.S.C § 101 et seq. Accordingly, Plaintiff has not stated a claim upon which relief may be granted, and therefore the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. BACKGROUND

**A.        The Photograph**

MusicSubmit is a Colorado corporation that was first incorporated in Florida in 2005.[2] It is a small company owned and operated by one individual that provides marketing services to up-and-coming bands in their local markets. At all times relevant to this suit, Defendant operated a lightly-trafficked and humble website with the domain name "www.musicsubmit.com."

On May 13, 2015, MusicSubmit posted a short article under the "blog" section of its website with the title "MusicSUBMIT LLC turns TEN YEARS" (the "Blog Post"). In the modest Blog Post, which provided a brief history of the company, MusicSubmit included a photograph of the "Welcome to Miami" sign (the "Photograph") allegedly taken by and registered to Plaintiff. *See Am. Compl.* [#15] ¶¶ 7-9. From its initial publishing on May 13, 2015 until the filing the initial

---

[2] MusicSubmit LLC reincorporated in the State of Colorado on April 10, 2017.

complaint on Sept. 29, 2019, the Blog Post at issue was not updated or republished and was otherwise allowed to pass unnoticed into the voluminous archives of internet history. Out of an abundance of caution, MusicSubmit revisited the Blog Post and removed the photo from its website upon receipt of Plaintiff's Complaint.

**B.    Procedural History**

On November 1, 2019, an Advisory Notice was issued to Plaintiff's Attorney and the Court stating that under D.C.COLO.LAttyR 3(a), Richard Liebowitz ("Liebowitz"), counsel for Plaintiff, "was administratively removed from the court's attorney roll and barred from filing electronically under CM/ECF for failing to pay the 2018 Biennial Fee." *Court Order* [#9]. The minute order instructed counsel to complete a Bar/ECF application and pay the full amount due to be restored to the attorney roll and CM/ECF. *Id.* The order concludes by stating that "[U]pon reinstatement, counsel must file a Notice of Entry of Appearance in this case." *Id.*

Following Defendant's initial Motion to Dismiss [#10], which noted these deficiencies, Plaintiff's counsel complied with the Court Order and on November 22, 2019 entered his "Notice of Appearance," wherein he stated that his Biennial 2018 fee had been paid. *See Notice of Appearance* [#14]. As of the filing of this Motion, the Court has not issued any orders regarding the validity of this notice of appearance

On December 12, 2019, Plaintiff filed the Amended Complaint [#15], wherein additional facts were added, undoubtedly in response to Defendant's initial Motion to Dismiss [#10]. Defendant, however, has not been served process regarding this amended complaint. Given the insufficiency of process with the initial complaint, Defendant has not yet been served a valid complaint in this matter.

### III. STANDARD OF REVIEW

**A.      Rules 12(b)(4)-(5)**

Together, Rules 12(b)(4)-(5) govern motions to dismiss for insufficient process and insufficient service of process. *Whitsell v. United States*, 198 F.3d 260, at *1 (10th Cir. 1999). A motion to dismiss under Rule 12(b)(4) requires the defendant to establish insufficient process under Rule 4 of the Federal Rules of Civil Procedure. That Rule requires that the summons include "the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff." Fed. R. Civ. P. 4(a)(1)(C). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . ." Fed. R. Civ. P. 4(c)(1). Subsection (m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

In opposing a motion to dismiss for insufficient service of process under Rule 12(b)(5), the plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants. *See Bernard v. Husky Truck Stop, No. 93–2241–JWL, 1994 WL 171732*, at *1 (D.Kan. Apr.20, 1994), *aff'd*, 45 F.3d 439 (10th Cir. 1995). The parties may submit affidavits and other documentary evidence for the Court's consideration, and the plaintiff is entitled to the benefit of any factual doubt. *See id.*

**B.**     **Rule 12(b)(6)**

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff [has] not nudged [his] claims across the line from conceivable to plausible*." Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id*. (citation omitted). As the Tenth

Circuit Court of Appeals has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

## IV. ARGUMENT

**A.**    **The Initial Complaint Was Invalid at the Time of Filing Because Plaintiff's Counsel was Not in Good Standing with Court and Therefore Process and Service of Process were Insufficient.**

At the time of the initial filing of the Complaint, Plaintiff's counsel was administratively removed from the Court's attorney roll for failure to comply with local rules—namely the requirement that he pay biennial fees for access to the CM/ECF. *See Minute Order on Nov. 11, 2019* [#9]; D.C.COLO.LAttyR 3. As a result of this failure, Plaintiff's counsel was barred from filing any documents electronically and could not represent Plaintiff in the District of Colorado. Therefore, the initial complaint for this suit, which was submitted electronically by Plaintiff's counsel on September 29, 2019, was not only improperly entered but failed to provide the name and address of an attorney in good standing with the Court. Accordingly, the subsequent Summons [#4] lacked a valid complaint and was insufficient pursuant to Fed. R. Civ. P. 4(a).

Service of summons without a valid complaint is not effective service. *Collins v. Waste Management*, No. 17-2704-SHL-dkv2017, WL 6947871 at *1 (W.D. Tenn. 2017); *see also Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345-46 (5th Cir. 1992) (holding that default

was inappropriate where defendant was served with summons without complaint); 4A Charles

Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093, at 677-78 (4th ed. 2015)

(stating that even though a complaint is on file in the clerk's office, service of a summons without

a copy of the complaint is not effective service). Given that no additional process has been made

since the initial Summons [#4], which impermissibly listed Liebowitz as Plaintiff's counsel,

Defendant has yet to be effectively and sufficiently served in this matter. *See* Fed. R. Civ. P.

4(a)(1)(C) Accordingly, Plaintiff is unable to demonstrate that this Court has personal jurisdiction

over Defendant and the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) or 12(b)(5).

**B.      The Photograph at Issue Was Published by Defendant in 2015 and Therefore the
         Alleged Infringement of Plaintiff's Copyright Falls Outside the Three-year Statute
         of Limitations.**

The Copyright Act provides copyright protection of original works of authorship. *See* 17

U.S.C. § 101 et seq.  The Act provides various protections for the author, including his exclusive

right to reproduce copies of the work, distribute copies of the work, and to display the work

publicly.  *See* § 106(1)-(5).  Plaintiff claims MusicSubmit infringed on all three of these exclusive

rights.

Congress, however, expressly placed a limitations period on bringing civil claims for

copyright infringement. The Act provides that "[n]o civil action shall be maintained under the

provisions of this title unless it is commenced within three years after the claim accrued." § 507(b).

Given that over four years have passed since Defendant allegedly infringed on Plaintiff's

copyright, this statute of limitations is controlling here, and the claim should be dismissed pursuant

to Rule 12(b)(6).

When considering whether the Act's limitations period applies, courts must first determine when a copyright infringement claim accrues. According to the Supreme Court, such a claim ordinarily accrues "when [a] plaintiff has a complete and present cause of action." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted). The Tenth Circuit Court of Appeals adheres to the so-called "discovery rule" which states that "a claim for copyright infringement accrues when one has knowledge of a violation *or is chargeable with such knowledge*." *Diversey v. Schmidley*, 738 F.3d 1196, 1200 (10th Cir. 2013) (citation omitted) (emphasis added).

The Second Circuit Court of Appeals also adheres to the "discovery rule," as evidenced in a recent decision in the Southern District of New York regarding an analogous set of facts to those presently at issue. In that decision, *Minden Pictures, Inc. v. Buzzfeed, Inc.*, the court granted the defendant's motion to dismiss the plaintiff's copyright infringement claims for photographs published before the three-year statute of limitations on the website "www.buzzfeed.com." 390 F.Supp 3d 461, 467 (S.D.N.Y. 2019). The court articulated that the "discovery rule" stands for the proposition that "an infringement claim does not accrue until the copyright holder 'discovers, or with due diligence should have discovered, the infringement.'" *Id.* (citation omitted). The court concluded that "a reasonable copyright holder . . . that is, a seasoned litigator that his filed 36 lawsuits to protect its copyrights . . . should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Id.* In support of its holding, the court highlighted that "courts may consider the relative sophistication of the parties

in a copyright suit," and concluded that the test is not whether a plaintiff could have learned of their injury, but rather whether, with due diligence, they should have. *Id.* (citation omitted).

Here, based upon a brief search of available federal court records, it is clear Plaintiff Bill Wisser is sufficiently sophisticated that he should have known of the infringement while the limitations period was running. Plaintiff has filed twenty (21) copyright infringement actions in federal courts, including a copyright infringement suit in 2004 in the US District Court for the Southern District of Florida, case number 1:04cv22145 for copyright infringement of Plaintiff's "photographic image of South Beach, Florida". Likewise, a brief docket search has identified that Plaintiff's counsel has filed approximately one-hundred-sixty-two (162) copyright infringement actions under the name Richard P. Liebowitz in federal courts. MusicSubmit, on the other hand, is a small operation that is owned and operated by one individual and publishes a modest online blog. The relative sophistication of the parties, therefore, is outlandishly disproportionate. Common sense and a perusal of publicly available court documents indicating Plaintiff's familiarity with copyright litigation would dictate that a reasonably diligent copyright owner in Plaintiff's position should have known of the alleged copyright infringement within the three-year limitations period.

The fact that the Photograph at issue was discovered over four years after its publication is also telling. The long-forgotten Blog Post containing the photograph was not readily visible on the front page of MusicSubmit's website but was buried in four years of post history. This indicates that Plaintiff, much like other experienced copyright litigants, utilized software services that scoured the internet for copies of the photographers' works. Such services were available as early as 2002, and such a compulsory search easily could have easily been performed by Plaintiff prior to the expiration of the three-year statute of limitations.

In response to Defendant's initial Motion to Dismiss [#10], which similarly argued that the application of the "no-discovery" rule demands dismissal of the claim, Plaintiff amended his complaint to include the following statements: "Wisser did not file any copyright infringement lawsuits until June 2017. Prior to mid-2017, Wisser was not policing the internet for infringements of his photographs" *Am. Compl.* [#15] ¶ 13. This inclusion is critical for two reasons: (1) Plaintiff, by his own admission, clearly possessed the sophistication to discover the alleged infringement in 2017, which was safely within the three-year statutory limit, but simply failed to do so; and (2) publicly available records show that Plaintiff first initiated a lawsuit for trademark infringement and misuse of his "photographic image of South Beach, Florida" on "several URLs" as early as 2004, further demonstrating that, as a sophisticated party, he should have done his due diligence and discovered the alleged infringement during the three-year statute of limitations.

In *Minden Pictures*, the court held that the statute of limitations started running when the photos were published on Buzzfeed's website. 390 F.Supp 3d at 467.  In other words, because the plaintiff was a sophisticated party capable of ferreting out any copyright infringements with due diligence, the claim accrued upon the initial publication of the copyrighted material. "A reasonable copyright holder in Plaintiff's position, exercising due diligence, 'should have discovered' that its copyright was being violated during the three-year statute of limitations[,]" the court held. *Id.* Here, by admitting that he had the capability to discover potential copyright infringements and litigate them as early as June 2017, Plaintiff has shown himself to be a reasonable copyright holder that, by exercising his due diligence, "should have discovered that [his] copyright was being violated during the three-year statute of limitations." *Id.* (internal quotation marks omitted). Failing to conduct his due diligence during the time period allotted does not permit Plaintiff to assert accrual

of his claim after that window has closed because he happened to discover an alleged copyright infringement too late to litigate it.

Plaintiff, by asserting that he did not file any copyright infringement actions until June 2017, is seemingly implying that he was not sufficiently sophisticated to discover the alleged copyright infringement before then, and thus his claim accrued at that time. This reasoning, however, fails to take account of Plaintiff's 2004 federal lawsuit, wherein he sued several parties for using his copyrighted photos in online and print advertising. If he was sophisticated enough to bring that litigation in 2004, he certainly was sophisticated enough to discover Defendant's alleged copyright infringement sometime in the three years following the May 2015 publication of the Blog Post. Thus, his failure amounts to a dereliction of his due diligence and is not due to any lack of sophistication.

Additionally, Plaintiff claims that he did not discover the alleged infringement earlier because there were no "storm warnings" placing him on notice. *See Am. Compl* [#15] ¶ 15. Putting aside the obvious question of how, in the absence of such warnings, he discovered the alleged infringement in April 2019, there is simply nothing in the case law requiring such explicit notice. Plaintiff in *Minden Picture* made a similar argument with its claims against Buzzfeed, claiming it had not reason to discover the alleged infringements, which dated back as far as 2011, until 2017, but the court rejected it. *Minden Pictures*, 390 F.Supp 3d at 467. "A plaintiff need not know every permutation of their injury—they simply need to have a suspicion of the injury and its cause to be put on inquiry notice. The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they *should have* known of their injury." *Id.* (citation omitted) (emphasis in the original). Here, Plaintiff had been aware that his photos

were potentially vulnerable to copyright infringement as early as 2004, and, as the flurry of lawsuits since 2017 indicates (Plaintiff has filed 20 copyright lawsuits since June 2017), he was fully capable of discovering these violations.  Therefore, the limitations period for the alleged copyright infringement started running in May 2015, when Defendant published the Photograph, and, accordingly, Plaintiff is time-barred from bringing the instant claim against MusicSubmit.

Furthermore, the Tenth Circuit, in *Diversey v. Schmidly*, expressly rejected the application of any "continuing wrong" exception to the statute of limitations. 738 F.3d at 1200. "In other words, the [Tenth Circuit] rejects the notion that a plaintiff can recover for acts of infringement occurring more than three years before the filing of a complaint merely because some related act of infringement occurs within the limitation period."

Here, MusicSubmit did not engage in any volitional act of infringement within the three years proceeding Plaintiff filing his Complaint, barring Plaintiff from recovery. The only action taken regarding the photograph was its publication in 2015 announcing MusicSubmit's ten-year anniversary. Thus, even if the "continuing wrongs" exception did apply, there were no related acts of infringement to trigger it, as MusicSubmit's brief and fleeting Blog Post celebrating the company's ten-year anniversary was not republished, updated, or reposted.

Given Plaintiff's level of sophistication, his history of litigation dating back to 2004, and his well-established ability to discover potential copyright infringements, the conclusion is inescapable: MusicSubmit should not be the target of a federal copyright lawsuit related to one image attached to a long-forgotten Blog Post published over four years ago.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted and Plaintiff's

sole claim for relief should be dismissed.

Dated: December 26, 2019                                    Respectfully Submitted,


                                                    */s/ Daniel J. Williams*
                                                    Thomas E.M. Werge
                                                    Daniel J. Williams
                                                    *Attorneys for Defendant MusicSubmit, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December 2019, I have caused a true and correct copy of the foregoing **MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULES 12(b)(4), 12(b)(5), and 12(b)(6)** to be filed with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

      Richard P. Liebowitz
      11 Sunrise Plaza, Suite 305
      Valley Stream, NY 11580
      *Attorneys for Plaintiff*

                                       */s/ Peggy P Quines*
                                       Peggy P. Quines, Paralegal
                                       WERGE LAW LLC